IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID TOMPKINS; individually and on behalf of members of the general public similarly situated, and as aggrieved employees pursuant to the Private Attorney General Act ("PAGA"), | |
| Plaintiff, | No. CIV S-11-2836 GEB EFB |
| vs. | |
| C&S WHOLESALE GROCERS, INC., a Vermont corporation; TRACY LOGISTICS, LLC, an unknown business entity; and DOES 1 through 100, inclusive, | |
| Defendants. _____/ | ORDER |

Defendants have requested an order shortening time for hearing on their motion to compel plaintiff's deposition. For the reasons explained below, the request is denied.

On December 14, 2011, defendants C&S Wholesale Grocers. Inc. and Tracy Logistics, LLC ("defendants") re-noticed for hearing on December 28, 2011 a motion to compel plaintiff to appear for deposition. Dckt. Nos. 9, 16. Defendants also filed two motions to compel plaintiff to respond to certain discovery requests and noticed those motions for hearing on January 4, 2012. Dckt. Nos. 17, 18. However, because plaintiff's motion to remand this action to state court for lack of subject matter jurisdiction, Dckt. No. 15, is pending before the assigned district

judge and is scheduled to be heard on January 23, 2012,[1] on December 21, 2011, the undersigned issued a minute order continuing the hearings on the three motions to compel to February 29, 2012.[2]  Dckt. No. 19.

Then, on January 6, 2012, defendants filed an ex parte application for an order shortening time for hearing on the motion to compel plaintiff's deposition.  Dckt. No. 20.  Defendants request that the court reschedule the motion to compel for hearing on January 18, 2012.  *Id.*  Defendants contend that good cause exists to hear the motion on shortened time "because a noticed motion would not provide relief in time to resolve the urgent issues presented in [the] application."  *Id.* at 2.  Specifically, defendants argue that the motion to remand is not scheduled to be heard until January 23, 2012, and that if the court grants the motion to remand, defendants will only have until February 3, 2012 to remove the case again (absent tolling).  *Id.* (citing 28 U.S.C. § 1446(b) (providing for a one-year deadline to remove a case to federal court based on diversity jurisdiction).  Defendants state that they anticipate that plaintiff's deposition testimony will confirm that this court has diversity jurisdiction over this matter and argue that plaintiff "has refused, for months, to sit for a deposition" in an effort to avoid federal jurisdiction.  *Id.*  According to defendants, "[i]t would be a miscarriage of justice for [plaintiff] to succeed in his effort to avoid a deposition until after the one-year removal limitation expires, as will be the case if the Court fails to hear [the motion to compel] sooner than currently scheduled."  *Id.*

////

---

[1] This case was originally removed in March 2011 on the basis of diversity jurisdiction. *See* Case No. 2:11-cv-703-GEB-EFB.  In July 2011, the action was remanded to state court due to defendants' failure to meet their burden of establishing that the amount in controversy exceeds $75,000.  *Id.*, Dckt. No. 15.  Then, after conducting some discovery in state court, defendants removed the action again in October 2011.  The case was reopened and is now labeled 2:11-cv-2836-GEB-EFB.

[2] The matter is before the undersigned pursuant to Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

2

Defendants also argue that they did not create the need for *ex parte* relief and that they have diligently pursued plaintiff's deposition and filed their motion to compel in a timely manner. *Id.* Finally, they contend that they sought a stipulation to shorten time from plaintiff's counsel to no avail. *Id.* at 3.

Plaintiff opposes the ex parte application, arguing that defendants have not met their burden of showing a need for the motion to compel to be heard on shortened time. Dckt. No. 21. Plaintiff argues that defendants have "repeatedly removed this case to Federal Court, without merit, tying up the Court's docket and wasting judicial resources" and that defendants now seek "to preserve a third bite at the removal apple before this Court has even had a chance to rule on Plaintiff's second remand motion." *Id.* at 2. Plaintiff argues that defendants have "not identified what it is about Plaintiff's deposition testimony that [defendants believe] will demonstrate that the amount in controversy exceeds the $75,000 jurisdictional threshold," and that plaintiff "merely requests that the jurisdictional issues in this case be resolved before continuing with discovery" so that neither plaintiff's nor the court's resources are "tied up." *Id.*

Eastern District of California Local Rule 144(e) provides that "[a]pplications to shorten time shall set forth by affidavit of counsel the circumstances claimed to justify the issuance of an order shortening time [and] will not be granted except upon affidavit of counsel showing a satisfactory explanation for the need for the issuance of such an order and for the failure of counsel to obtain a stipulation for the issuance of such an order from other counsel or parties in the action." Here, although defendants contend that good cause supports their application because of the looming one-year removal deadline, and although defendants properly attempted to obtain a stipulation from plaintiff to no avail, defendants' application will nevertheless not be granted. The undersigned issued a minute order on December 21, 2011 continuing defendants' motions to compel, including the motion to compel at issue herein, to a date after the assigned district judge has heard and had an opportunity to rule on plaintiff's motion to remand. *See* Dckt. No. 19. The court did so for two primary reasons. First, the undersigned opined that the

jurisdictional dispute, which was made evident by plaintiff's motion to remand, should be resolved before other matters, such as specific discovery disputes, are decided.[3]  Second, because post-removal jurisdictional discovery is discretionary, the undersigned opined that the decision regarding whether to permit that discovery could best be decided by the district judge considering the remand motion.  *Id.*

Nothing in defendants' application for an order shortening time changes either of those considerations.  The undersigned should not hear and decide discovery disputes until the assigned district judge has had an opportunity to consider whether jurisdiction is proper and/or whether post-removal jurisdictional discovery should be permitted in this case.  Although defendants argue that their motion to compel plaintiff's deposition should be heard before the remand motion because of the February 3, 2012 one-year removal deadline, the district judge has not yet ruled on plaintiff's motion to remand (which defendants vehemently oppose) and it is unclear whether that deadline would ever come into play in this action.  This is especially true since defendants have already requested in their opposition to the motion to remand that the district judge permit them to engage in jurisdictional discovery before remanding the action (and therefore before ever triggering the one-year removal deadline).  *See* Dckt. No. 22 at 26-27.  Moreover, because defendants elected to remove this case on two separate occasions based on their own timelines, their concern about the potential need to remove the case a third time – before this case has even been remanded a second time – lacks significant persuasive value.

Additionally, although defendants contend that plaintiff's deposition testimony will confirm that this court has diversity jurisdiction over this matter, as discussed above, whether or

---

[3] In addition to the jurisdictional barrier, judicial efficiency and economy suggest that the motion to remand (including any request therein that defendants be permitted to conduct jurisdictional discovery) should be decided by the district judge prior to the motions to compel. A denial of the motion to remand may ultimately moot some of the issues addressed in the motions to compel.  Moreover, whether defendants have, to date, adduced sufficient evidence to establish removal jurisdiction or warrant permitting the case to proceed further in this court to try to establish such jurisdiction is within the province of the district judge who will be resolving those questions.

4

1  not to permit post-removal jurisdictional discovery is discretionary.  That determination would
2  best be made by the judge considering the remand motion, and here, defendants have specifically
3  requested that he do so.  Moreover, although defendants state that plaintiff's deposition
4  testimony will confirm that jurisdiction is proper, as plaintiff points out, defendants have not
5  provided any explanation regarding why they have reached that conclusion.  They have not
6  stated what information they expect to obtain in the deposition and/or whether or why that
7  information was not obtained prior to removing this action a second time.

8  Therefore, defendants' application for an order shortening time for the hearing on
9  defendants' motion to compel plaintiff's deposition, Dckt. No. 20, is denied.

10  SO ORDERED.
11  DATED:  January 12, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE