## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID TOMPKINS; individually, and on behalf of other members of the general public similarly situated, and on behalf of aggrieved employees pursuant to the Private Attorneys General Act ("PAGA");<br><br>Plaintiff,<br><br>vs.<br><br>C & S WHOLESALE GROCERS, INC., a Vermont corporation; TRACY LOGISTICS, LLC, an unknown business entity; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:11-CV-02836 GEB (EFB)<br>[Related to 2:11-CV-00703-GEB (EFB)]<br><br>**PROTECTIVE ORDER** |

Based on the parties' Stipulation to Entry of Protective Order, and good cause having been shown, IT IS HEREBY ORDERED as follows:

1. This Protective Order shall govern any designated record of information produced in this action, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, interrogatory answers, documents (including, without limitation, emails produced by Defendants and computer and electronic files), and other discovery materials (whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents, or other formal method of discovery).

2. Each party shall have the right to designate as confidential and subject to this Protective Order any information, document, or portion of any documents produced by it in this litigation which contains trade secrets or other confidential technical, business, or financial information. This designation shall be made by stamping each page of the document containing confidential information with the legend CONFIDENTIAL prior to its production or, if inadvertently produced without the legend, by furnishing written notice to the receiving party that the information or document shall be designated as CONFIDENTIAL under this Protective Order. With respect to all materials provided by one party for inspection by another party's counsel, designation by stamping or labeling as CONFIDENTIAL need not be made until copies of the materials are requested after inspection and selection by counsel. Making documents and things available for inspection shall not constitute a waiver of any claim of confidentiality, and all materials provided for inspection shall be treated as though designated as CONFIDENTIAL at the time of the inspection.

3. Each party and all persons bound by the terms of this Protective Order shall use any information or document designated as CONFIDENTIAL only for the purpose of prosecution or defense of this action. No such party or other person shall use any information designated as CONFIDENTIAL for any purpose other than the prosecution, defense, or settlement of this action. The attorneys of record for the parties shall exercise reasonable care to insure that the information and documents governed by this Protective Order are (i) used only for the purposes specified herein, and (ii) disclosed only to persons to whom disclosure of such information and

1 documents is authorized by this Protective Order.

2     4. Except as otherwise provided by written stipulation of the parties or by further order of the Court, documents or information designated CONFIDENTIAL may be disclosed only to counsel of record and their secretarial and legal assistants, and, on a need-to-know basis only and subject to Paragraph 5 of this Protective Order, to the parties, to employees of the parties, to witnesses, and to consultants and experts retained by the parties or their attorneys for purposes of this litigation (including, without limitation, persons engaged in the scanning, copying, and/or coding of such information or documents).

    5. In no event shall any information or documents designated as CONFIDENTIAL be disclosed to any person other than the parties' counsel and their secretarial and legal assistants pursuant to Paragraph 4 of this Protective Order until such person has executed a written confidentiality agreement acknowledging and agreeing to be bound by the terms of this Protective Order, and consenting to be subject to the personal jurisdiction of the United States District Court for the Eastern District of California for any proceeding relating to enforcement of this Protective Order, in the form set forth in Exhibit A hereto.

    6. Documents and information designated CONFIDENTIAL shall include (a) all copies, extracts, and complete or partial summaries prepared from such documents or information; (b) portions of deposition transcripts and exhibits that contain or reflect the content of any such documents, copies, extracts, or summaries; (c) portions of briefs, memoranda, or any other writing filed with the Court and exhibits that contain or reflect the content of any such documents, copies, extracts, or summaries; (d) deposition testimony designated in accordance with Paragraph 7; and (e) testimony taken at a hearing or other proceeding that is designated in accordance with Paragraph 8.

    7. Deposition transcripts, or portions thereof, may be designated as CONFIDENTIAL subject to this Protective Order either (1) before or immediately after the testimony is recorded, in which case the transcript of the designated testimony shall be bound in a separate volume conspicuously labeled CONFIDENTIAL by the reporter, as appropriate, or (2) by written notice to the reporter and all counsel of record, given within ten (10) days after the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

3     PROTECTIVE ORDER
DB2/ 22914086.1

1  transcript is received by the witness or his counsel or by any party or its counsel, in which case all
2  counsel receiving such notice shall be responsible for marking the copies of the designated
3  transcript in their possession or under their control as directed by the designating party.  The
4  designating party shall have the right to exclude the following persons from a deposition before
5  taking of testimony which the designating party designates as CONFIDENTIAL subject to this
6  Protective Order:  all persons except the court reporter, counsel of record, the deponent, the
7  parties (or the designated representative of a party), and any consultant or expert retained for
8  purposes of this litigation.

9        8.     With respect to testimony elicited during hearings and other court proceedings,
10  whenever counsel for any party deems that any question or line of questioning calls for the
11  disclosure of information that should be kept CONFIDENTIAL, counsel may designate on the
12  record prior to such disclosure that the disclosure is CONFIDENTIAL.  Whenever a matter
13  designated CONFIDENTIAL is to be discussed in a hearing or other court proceeding, any party
14  claiming such confidentiality may exclude from the room any person who is not entitled under
15  this Protective Order to receive such information, subject to any ruling by the Court respecting
16  the designation of such information as CONFIDENTIAL.

17        9.     Notwithstanding any other provisions of this Order, nothing shall prohibit counsel
18  for a party from disclosing a document, whether designated as CONFIDENTIAL, to any
19  employee, officer, or director of the party who produced the document or information so
20  designated.

21        10.    If a receiving party learns that, by inadvertence or otherwise, it has disclosed
22  protected material to any person or in any circumstance not authorized under this Protective
23  Order, the receiving party must immediately (a) notify in writing the designating party of the
24  unauthorized disclosures, (b) use its best efforts to retrieve all copies of the protected material,
25  and (c) inform the person or persons to whom unauthorized disclosures were made of all the
26  terms of this Protective Order.

27        11.    Any information or documents designated as CONFIDENTIAL, if filed or lodged
28  with the Court, shall be filed in accordance with Eastern District of California Local Rule 141.

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Los Angeles

4                              PROTECTIVE ORDER
DB2/ 22914086.1

The party filing or lodging any pleading or paper which contains any information or document subject to this Protective Order shall comply with Eastern District of California Local Rule 141. At the conclusion of this case, any materials filed with the Court under seal shall be kept under seal or be returned to the party filing it for disposition as provided for in Paragraph 15.

12. Any party may mark any documents or information designated as CONFIDENTIAL as an exhibit to a deposition, hearing, or other proceeding and examine any witness thereon, provided (i) the witness previously has executed a written confidentiality agreement in the form of Exhibit A hereto, (ii) the exhibit and related transcript pages receive the same type of confidentiality designation as the original document, and (iii) there is reason to believe this witness has knowledge or information to which such designated material is relevant.

13. No party is precluded from applying to the Court for an Order permitting the disclosure or use of information or documents otherwise covered by this Protective Order, or from applying for an Order modifying this Protective Order in any respect. No party shall be obligated to challenge the propriety of any confidentiality designation (whether CONFIDENTIAL) and failure to do so shall not preclude a subsequent attack on the propriety of such designation.

14. On any motions challenging the withholding of documents or information or seeking greater disclosure of documents or information designated CONFIDENTIAL than allowed by this Protective Order without Court order, the parties' respective burdens of proof shall be as outlined in <u>Bridgestone v. Superior Court</u>, 7 Cal. App. 4th 1384 (1992). Any withheld material ordered by the Court to be disclosed shall be deemed classified CONFIDENTIAL under this Protective Order unless the Court orders otherwise, and any such order may include additional safeguards to protect the disclosed material from further disclosure. Any party ordered to disclose information that was initially withheld from production may seek writ review of that order.

15. Upon final termination of this action, including all appellate proceedings, unless otherwise requested in writing by an attorney of record for the designating party to return material designated as CONFIDENTIAL to the party from whom the designated material was obtained,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

5   PROTECTIVE ORDER

DB2/ 22914086.1

each party shall destroy all material designated as CONFIDENTIAL, including all copies, extracts, and summaries thereof.  Proof of such destruction, in the form of a declaration under oath by a person with personal knowledge of the destruction, will be supplied by each party to all counsel of record.

16.     No part of the restrictions imposed by this Protective Order may be terminated, except by the written stipulation executed by counsel of record for each designating party, or by an order of this Court for good cause shown.  The termination of this action shall not terminate this Protective Order.

17.     This Protective Order may be amended and exceptions may be made only by written stipulation of the parties or by order of the Court for good cause shown on noticed motion.  Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

18.     By stipulating to the entry of this Protective Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**IT IS SO ORDERED.**

Dated: January 23, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

6    PROTECTIVE ORDER

DB2/ 22914086.1

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID TOMPKINS; individually, and on behalf of other members of the general public similarly situated, and on behalf of aggrieved employees pursuant to the Private Attorneys General Act ("PAGA"); <br><br> Plaintiff, <br><br> vs. <br><br> C & S WHOLESALE GROCERS, INC., a Vermont corporation; TRACY LOGISTICS, LLC, an unknown business entity; and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No. 2:11-CV-02836 KJM (CKD) <br><br> **EXHIBIT A TO PROTECTIVE ORDER:** <br><br> **ACKNOWLEDGEMENT OF RECEIPT OF STIPULATED PROTECTIVE ORDER AND CERTIFICATE OF COMPLIANCE** |

    I certify that I have received and carefully read a copy of the Stipulation to Entry of Protective Order, and Order thereon, in the above-captioned case and that I fully understand the terms of the Court's Order.  I recognize that I am bound by the terms of this Order, and I agree to comply with those terms.  I hereby consent to the personal jurisdiction of the United States District Court for the Eastern District of California for any proceedings involving the enforcement of that Order.

    I declare under penalty of perjury pursuant to the laws of the United States and California that the foregoing is true and correct.  Executed this _____ day of _____, 2012, at _____, _____.

    Name: _____

    Affiliation: _____

    Business Address: _____

    Home Address: _____

    Signature: _____